# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| NICOLE BOETTGER | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 2:22-cv-01079 |
| OPTIMUM OUTCOMES, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** NICOLE BOETTGER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, OPTIMUM OUTCOMES, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resided in the Eastern District of Wisconsin and Defendant conducted business in the Eastern District of Wisconsin, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

1

## PARTIES

4.      Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.      Defendant is a collection agency that specializes in medical debt collections and has a principal place of business located at 3200 Spring Forest Road, Suite 220 Raleigh, North Carolina 27616.

6.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

7.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8.      Prior to the events giving rise to this action, Plaintiff received medical services from Froedtert Hospital resulting in an alleged balanced owed ("subject debt").

9.      Sometime thereafter, Defendant acquired the right to collect on the subject debt.

10.     On or around June 30, 2022, Defendant placed or caused to be placed a collection letter in the mail to the Plaintiff ("collection letter").

11.      The collection letter reflected two (2) separate accounts with balances owed for two (2) separate dates of services.

12.     Specifically, the letter stated  that as follows:

("OOI"), for collection... ... ...
Our records indicate that you received services on the following date(s) and incurred the Balance Due below.

| OOI Account Number | Creditor Account Number | Date of Service | Balance Due |
|---|---|---|---|
| A47745409 | 006503131975 | 11/02/2021 | $139.20 |
| A47745412 | 006503132213 | 11/05/2021 | $391.20 |

2

13.     Based on the collection letter, the Plaintiff understood that she allegedly owed a balance on two (2) accounts with two (2) separate balances.

14.     At the bottom of the collection letter, a separate amount was listed as owed and only one (1) account number was listed:

| Statement Date | OOI Account Number | Amount Due | Amount Pa |
|---|---|---|---|
| 06/30/2022 | A47745409 | $530.40 | $ |

15.     Right away, Plaintiff was confused and concerned with the balance of the subject debt.

16.     Plaintiff felt extremely worried that there could be negative consequences if she did not pay the subject debt, even though was thoroughly confused as to what the underlying debt was.

17.     Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

18.     Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

## COUNT I-DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19.     Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20.     Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

3

21.     The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

22.     Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

23.     Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

24.     Defendant used the mail to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

25.     Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its unlawful collection practices. .

    **a.     Violations of FDCPA §1692e**

26.     Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt.

27.     Defendant acted wrongfully when it sent or caused the collection letter to be sent to the Plaintiff with three (3) different amounts owed for the subject debt.

28.     Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant attempted to collect the subject debt from the Plaintiff through its collection letter without specificity as to what the amount owed was.

29.     Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. Defendant willingly ignored the

fact that there were two (2) separate accounts that had been placed with it for collections and failed to bill Plaintiff correctly.

30.     As pled above, Plaintiff did not owe the alleged subject debt in the amount of $530.40 for one (1) account only and instead allegedly owed $530.40 for two (2) accounts. Defendant knew or should have known the repercussions for collecting on a debt not owed.

**b.     Violation of  FDCPA §1692f**

31.     Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was two (2) distinct accounts that were allegedly owed to Froedtert Hospital. It was unfair for Defendant to combine those accounts into one (1) amount owed, but attempt to apply any payment made to only one (1) of the accounts that was allegedly past due.

32.     Defendant violated §1692f(1) by attempting to collect the subject debt from Plaintiff and attempt to incorrectly apply the payment to a single account, thereby overpaying said account and leaving the other account past due. By operation of law, Defendant did not have a legal right to collect a debt not legally owed for just the cited one (1) account at the time Defendant requested payment.

33.     As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on misleading a consumer into making false payments on the subject debt at the time it made demands for payment.

34.     Upon information and belief, Defendant has no system in place to identify and collect on debts that are a result of more than one (1) account and therefore has no system in place to correctly apply payments made on debts that are a result of more than one (1) account.

5

35.     As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.     Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.     Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.     Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d.     Award any other relief as this Honorable Court deems just and appropriate.


**Plaintiff demands trial by jury.**


Dated: September 19, 2022                    Respectfully Submitted,

                                            */s/ Alexander J. Taylor*
                                            Alexander J. Taylor, Esq.
                                            *Counsel for Plaintiff*
                                            Sulaiman Law Group, Ltd.
                                            2500 S. Highland Ave., Ste. 200
                                            Lombard, IL 60148
                                            Telephone: (630) 575-8181
                                            ataylor@sulaimanlaw.com